IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL JOHNSON and SEAN JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>DESERET MUTUAL BENEFIT ADMINISTRATORS, and the DESERET VALUE PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-cv-330-HCN-JCB<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The Plaintiffs, Michael Johnson and Sean Johnson, sued Defendant, Deseret Mutual Benefit Administrators and the Deseret Value Plan, asserting a claim under ERISA (the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*) for payment of improperly denied benefits. Having prevailed on that claim, the Plaintiffs now move for attorneys' fees. The court grants the motion and awards $35,560 in attorney's fees and $400 in costs.

I.

At a hearing on the parties' cross-motions for summary judgment, the court ordered supplemental briefing in light of recent Tenth Circuit authority that it believed may have called into question the adequacy of the Plan administrator's denial letters. *See* Dkt. Nos. 27, 28 at 2. "[H]aving considered the posture of the case, as well as the anticipated costs of litigation and potential appeals, in light of the value of the benefit in dispute," the Defendants then "elected to withdraw" their motion for summary judgment and their opposition to the Plaintiffs' motion for summary judgment. Dkt. No. 28 at 2. The court accordingly reversed the Plan administrator's

denial of the Plaintiffs' claim for benefits and ordered that the Plan pay that claim. *See* Dkt. No. 30.

The Plaintiffs next moved for attorneys' fees and costs. *See* Dkt. No. 31.[1] Although the Plaintiffs' motion and supporting declarations referenced "attached" timesheets, the Plaintiffs inadvertently failed to attach those timesheets. Once the court alerted the Plaintiffs to this oversight, they filed the timesheets as a supplemental exhibit. *See* Dkt. No. 38. The court then issued a docket text order granting the Defendants one week to file a supplemental response addressing the timesheets if they wished to do so. *See* Dkt. No. 39. The Defendants have not done so.

II.

In an action of this type, ERISA authorizes a court, "in its discretion," to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). The Supreme Court has held that such fees are available to any party that has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–56 (2010). Although a litigant need not qualify as the "prevailing party" to receive attorneys' fees and costs under this statute, it must achieve more than a "trivial success on the merits" or a "purely procedural victory." *Id.* at 254–55. The district court in *Hardt* and lower courts since have utilized a five-factor test to decide whether to award fees, *see id.* at 249 n.1; *Manna v. Phillips 66 Co.*, 820 Fed. App'x 695, 702 (10th Cir. 2020), although the Supreme Court emphasized in *Hardt* that these factors "bear no obvious relation to § 1132(g)(1)'s text or to [the Court's] fee-shifting jurisprudence." 560 U.S. at 255. At bottom, the Court explained, the decision to award

---

[1] The Plaintiffs also sought prejudgment interest, but they subsequently withdrew that request. *Compare id*. at 7–8, *with* Dkt. No. 34 at 5.

fees must be grounded in the Court's "historic fee-shifting principles and intuitive notions of fairness." *Id.* When awarding fees, a court should calculate the amount of the award using a "hybrid lodestar" method: the number of hours reasonably expended at a reasonable hourly rate, with the total award subject to adjustment up or down based on various considerations that neither party suggests are present here. *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983). The Defendants do not argue that a loadstar award would be unreasonable here.

Nor do the Defendants dispute that the Plaintiffs achieved "some success on the merits" and are due fees. *See* Dkt. No. 33 at 1–5.[2] Nor would such an argument withstand scrutiny. After all, the Defendants withdrew their opposition to the Plaintiffs' motion for summary judgment after the court ordered supplemental briefing and the court ordered the Plan to pay the Plaintiffs benefits. The court believes that the Plaintiffs' case for fees here is at least as strong as was the plaintiff's case in *Hardt*. There, the plaintiff moved for summary judgment; at a hearing, the district court found "compelling evidence" for her claim and indicated that it was "inclined to rule in [her] favor," but remanded the case to the plan administrator to address the deficiencies identified; and on remand, the plan administrator reversed its earlier decision and awarded benefits. 560 U.S. at 256. Just as the district court in *Hardt* "properly exercised its discretion to award . . . attorney's fees," *id.*, the court will exercise its discretion to do the same here.

In opposing the Plaintiffs' motion, the Defendants did argue that the Plaintiffs' failure to submit timesheets scuttled their motion. And "the party claiming the fees" does have "the burden of proving hours to the district court by submitting meticulous, contemporaneous time records." *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Nonetheless, the Plaintiffs' failure to attach the timesheets appears to have been a clerical

---

[2] Nor do the Defendants dispute the sought costs. *See id.*

oversight, which has now been cured. And despite having the opportunity to respond to the timesheets, the Defendants have not done so. Having reviewed the timesheets itself, the court has no difficulty concluding that they are reasonable in light of the amount of work required by the action and the ultimate success achieved.

The Defendants also argue that the Plaintiffs' lawyers' billing rates—$600 per hour for Mr. King and $400 per hour for Mr. Newton—are unreasonably high. The court disagrees. Mr. King and his firm are unquestionably among the preeminent plaintiff's attorneys in the field of ERISA litigation. At a time when partners and even some associates at large law firms routinely bill their time at four-figure hourly rates, the court has no difficulty concluding that Mr. King and Mr. Newton's hourly rates are reasonable and well justified. *See also L.L. v. Anthem Blue Cross Life & Health Ins. Co.*, 2024 WL 3899380, at *2 (D. Utah Aug. 21, 2024) (awarding fees to Mr. King at $600 an hour).

*   *   *

For the aforementioned reasons, Docket Number 31, the Plaintiffs' Motion for Attorney's Fees, Prejudgment Interest, and Reasonable Costs is **DENIED** with respect to the request for prejudgment interest and otherwise **GRANTED**. The Defendants shall pay the Plaintiffs $35,560 in attorney's fees and $400 in costs, for a total of $35,960.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2025.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge